In the matter of opening CANAL-STREET, &c.

It is competent for the supreme court, on its own motion, or on the application of any party in interest, or of commissioners of estimate and assessment, to refer back to the commissioners their report of the assessments made by them, after the report has been signed by them, and filed in such court, but not confirmed.

Such an application will be granted when made by the commissioners, to enable them to correct an error made by them.

THIS matter came before the court upon a special report of the commissioners of estimate and assessment, showing that the report heretofore presented to the court, purporting to be their estimate and assessment, was not, in its legal effect, in accordance with their intention and judgment as such commissioners, and asking that the same might be referred back to the commissioners, for revisal and correction. A motion was made to the court, by the counsel of the commissioners, at a previous term, to refer the report back to them generally for revision. But the motion was denied because the commissioners had not made the application themselves, and because it did not affirmatively appear that there was any error in the report, or that there could or would be any correction made by them, which it would be proper for the court to permit.

The special report upon which the present application was founded was as follows:

"To the supreme court of the state of New-York. We Richard J. Smith, William V. Brady, and John W. C. Leveridge, do

VOL. VIII.　　　　64

hereby respectfully report : That by a rule or order of this court, made in June, 1848, we were appointed commissioners of estimate and assessment in the above matter, and that a report of an estimate and assessment made by us therein, was presented to this court at the last September term thereof, held in this city, but there has been as yet no action of this court on the question of the confirmation of the said report.

That the estimated value of the buildings erected on the line of Canal-street, as proposed to be extended, and of Walker-street, as proposed to be widened, amounts to about one hundred and forty thousand dollars, and we are advised that by an act of the legislature, passed April 9th, 1813, it is made lawful for the commissioners of estimate and assessment, if they shall deem it just and equitable under the circumstances, to assess any part not exceeding one-third part of the estimated value of any such buildings, upon the mayor, aldermen and commonalty of the city of New-York, but that no such specific assessment has been made in the above matter by our said report, being advised by our counsel that the same was not necessary. And we further report that the said proposed extension of Canal-street, and widening of Walker-street, being in our opinion an improvement in which, from its peculiar nature, the public at large are interested, we deem it just and equitable that a portion of the cost thereof should be borne by the city treasury, and we are advised that the same should be done by a specific assessment upon the said mayor, aldermen and commonalty, under the power conferred by the statute above mentioned.

We do further report that such a specific assessment upon the said mayor, aldermen and commonalty would require that our estimate and assessment should be modified in other respects, and we are of opinion, therefore, that our said report should be revised before the same is acted on by this court. New-York, Febr'y 9, 1850."

*Willis Hall*, for the commissioners, insisted that the present application was in accordance with the previous decision of the court, and presented a clear case for the exercise of the power

In the matter of Canal-street.

of the court, to refer the report back to the commissioners for revisal and correction,

*H. E. Davies*, for the mayor, &c. of New-York, contra.  He insisted, among other things, that the commissioners, having made their report, were *functus officio*, and could not now petition. That they were mere arbitrators; and that the court had only power to refer the report back when it was objected to by others. That the objections now urged should have been made before the commissioners; and that not having been taken there, they could not be raised here.  He also objected to sending the report back to the same commissioners, because they were prejudiced, &c.

*By the Court*, EDMONDS, P. J.   We entertain no doubt that the court has the power, either on its own mere motion or on the application of the commissioners, or of any party interested, to refer the report back to the same or to other commissioners. The only restriction is as to the time and circumstances under which it may be done.   The statute says that it may be done upon the coming in of the report, and after hearing any matter which may be alledged against the same.   The coming in of the report doubtless means after it has been completed by the commissioners and has been presented to the court for its action. In this instance the report has been completed so far as the action of the commissioners is concerned.   It has been brought into court and put upon file.   It has fully come in, and it only remains for the court to act upon it.   Whether such action will be had on the mere motion of the court, and whether it will be delayed until some motion be made to confirm it, is quite immaterial to the question now before us.   It is enough for this purpose that the report has come in to the court, and is now fully before us, so that our action may be had upon it.

So too, matter alledged against the report has been heard. All the matter, indeed, which the parties interested have chosen to present.   So that it seems to us that the time and occasion

In the matter of Canal-street.

for us to exercise our power of recommitting the report has arrived.

The reason for recommitting it seems to us very satisfactory. The commissioners certify to us that they have erred in omitting directly to exercise the power of assessing a portion of the damages for the contemplated improvement upon the city at large. Now we can very readily conceive that it would be just so to assess a portion of those damages. The improvement will evidently benefit others besides those residing in the immediate vicinity, and it is manifestly proper that the commissioners should take that into consideration and pass upon it, one way or the other. And if in doing so they should be fortunate enough to make their report more acceptable to those affected by their action, this, instead of being an objection against, seems to us to be a good argument in favor of granting their application.

The argument so earnestly pressed upon us, that the commissioners are mere arbitrators, whose functions ceased on making their report, even if well founded, which we do not mean to determine, reaches only to the extent of denying their right of making this application. Be it so; that in no manner affects the power of the court, on its own motion, with or without any application from the commissioners, to send the report back. And it seems that it is no more than a discreet exercise of that power, when they suggest that they have committed an error, to afford them an opportunity of correcting it.

The report will, therefore, be referred back to the same commissioners, to consider how far it may be just and equitable to assess a portion of the damages upon the city at large; to make such assessment if they shall be so advised, and to make only such alterations in other parts of their report, as may grow out of their action in this respect.