IN THE MATTER OF THE DEPARTMENT OF PUBLIC WORKS, ETC., RELATIVE TO THE OPENING OF ONE HUNDRED AND FIFTY-SIXTH, ONE HUNDRED AND FIFTY-SEVENTH, ONE HUNDRED AND FIFTY-EIGHTH AND ONE HUNDRED AND FIFTY-NINTH STREETS NEW YORK CITY.

*Commissioners of assessment — affidavit may be ordered heard, after report made*

The commissioners of estimate and assessment, acting under chapter 483 of 1862. had, after hearing the parties interested, prepared their report and a motion, to confirm the same had been duly noticed. At this stage of the proceedings, upon the application of certain of the parties interested, the court granted an order directing that certain affidavits should be submitted to, and considered by, the commissioners, or that the same should be used upon the motion to confirm the report of such commissioners as the corporation counsel should prefer. *Held,* that the order was proper and should be affirmed.

APPEAL from an order made at the Special Term.

In these proceedings the commissioners had, on the 17th day of July, 1876, published in the City Record a notice, as required by law, stating that they had (1) completed their report and filed it with the department of public works; (2) that all parties interested and who objected to the report should present their objections to the commissioners on or before the first day of September, 1876, and (3) that the commissioners would, for the ten week days following the first day of September, hear the parties so objecting, (4) designating the area of assessments, and (5) that the report would be presented to the court for confirmation on the fourth day of October, 1876.

By that report it appeared that the sum of $6,228 had been awarded to, and $52,328 assessed upon the adjoining property.

Pursuant to the above notice, objections were duly filed, before the expiration of thirty days, and hearings were had before the commissioners. A number of persons objected, that awards should not be made, on the ground that all the land in the street had been dedicated to public use. Other persons demanded that substantial awards should be made, on the ground that the streets had not been dedicated to public use.

The motion to confirm the report had been adjourned from time to time, from the fourth day of October, 1876, to the 25th day of July, 1877.

The commissioners had completed and signed their final report, and it was ready to be presented to the court for confirmation, on June 6, 1877. Changes had been made in the report, after hearing and considering objections as aforesaid, by the increase of certain awards and the decrease of certain assessments.

On July 17, 1877 (eight days before the day on which the motion to confirm the report was to have been made), an order to show cause made by the court was served on the counsel to the corporation, requiring the commissioners to show cause why Mr. Deering, attorney for certain parties interested, and who had before filed objections to the report, should not have leave to submit to the commissioners a certain affidavit made by him, dated June 9, 1877; and why the commissioners should not consider and examine the same before submitting their report to the court; or why the said parties should not have leave to read the same upon the coming in or presentation of the report of the said commissioners for confirmation.

An order to that effect was made, from which this appeal was taken.

*Hugh L. Cole*, for the corporation of New York.

*James A. Deering*, for Grinnell and others, owners assessed, respondents.

INGALLS, J.:

The report of the commissioners of estimate and assessment, although signed, had not been presented to the court for confirmation, when this motion was made. The court upon an order to show cause directed the affidavit in question, to be submitted to and considered by, the commissioners, or that the same should be used upon the motion to confirm the report of such commissioners, as the corporation counsel preferred. We perceive no substantial objection to such order. Over such proceedings the court possesses the power of supervision, with a view to prevent injustice or oppres-

sion. (*In the Matter of the Opening of Canal Street*, 8 Barb., 505.) In the case cited, this doctrine was carried further than is required to sustain this order. In proceedings of this nature, where so much machinery is involved, it not unfrequently happens that irregularities occur which require the intervention of the court, and when the necessity arises great liberality should be exercised in directing and controlling such proceedings, to the end, that neither the public or the private citizen is subjected to wrong or injustice.

When such an order is made it should not be interfered with unless clearly irregular. Our attention is called to the case *In the Matter of the Opening of Eleventh Avenue* (49 How., 208). That case is not in conflict with the views herein expressed.

The order should be affirmed with costs.

Davis, P. J., and Brady, J., concurred.

Order affirmed with costs.